**IN THE COURT OF APPEALS OF IOWA**

No. 23-1907
Filed October 30, 2024

**JACOB MONROE CULLUM,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Webster County, Adria Kester, Judge.

    An applicant appeals the denial of his postconviction-relief action claiming ineffective assistance of counsel. **AFFIRMED.**

    Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

    Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

    Considered by Tabor, C.J., and Greer and Schumacher, JJ.

**TABOR, Chief Judge.**

After pleading guilty to two drug offenses and a related weapons charge, Jacob Cullum appeals the denial of his application for postconviction relief (PCR). Cullum claims his counsel was ineffective for not moving to suppress evidence found during a warrantless search of his car. Because the search was justified under the automobile exception to the warrant requirement, counsel had no duty to file a meritless motion. Thus, we affirm the PCR ruling.

### I. Facts and Prior Proceedings

A sheriff's deputy on routine patrol noticed a car with front and rear license plates that did not match. The deputy pulled up next to the car and spoke to the driver, later identified as Cullum, who admitted that he did not have a valid driver's license. After ordering Cullum out of the car and handcuffing him, the deputy ran his license and determined that he was driving while barred. The deputy then arrested Cullum and searched him incident to arrest. While searching his person, the deputy found a methamphetamine pipe, a small plastic bag of a crystalline substance, and a loaded pistol magazine. Cullum denied having a gun in his car. The deputy placed Cullum in the back of his patrol car. The deputy then searched Cullum's car and found a loaded pistol under the passenger seat; three small plastic bags of a crystalline substance, two small plastic bags of a green leafy substance, and drug paraphernalia inside a leather case on the floor in front of the passenger seat; a rolled marijuana joint in the center console; and two marijuana plants in the trunk.

The State charged Cullum with six counts: (1) possession with intent to manufacture marijuana, (2) failure to affix a drug tax stamp, (3) driving while

barred, (4) possession of marijuana—second offense, (5) possession of methamphetamine—first offense, and (6) carrying a dangerous weapon while possessing a controlled substance. Defense counsel did not move to suppress the evidence found in the vehicle search. Cullum filed a written plea of guilty to counts four through six; the State dismissed the first three counts under a plea agreement. The district court sentenced Cullum to 365 days in jail for each of the three charges to be served consecutively, suspended the terms of incarceration, and placed him on probation. He did not file a direct appeal of his sentence.

Instead, in 2023 Cullum applied for PCR, alleging ineffective assistance of counsel. Cullum argued that his counsel was remiss in not moving to suppress the contraband found in his car.[1] Trial counsel testified that he did not believe that a motion to suppress would have succeeded, so he concentrated on securing a plea deal. The district court denied relief, rejecting Cullum's claims of ineffective assistance. Cullum now appeals the PCR ruling.

## II. Scope and Standard of Review

We ordinarily review PCR rulings for correction of legal error; but when the applicant alleges ineffective assistance of counsel, we review de novo. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

## III. Analysis

We analyze ineffective-assistance claims under a two-prong test. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Cullum must show his counsel failed

---

[1] Cullum also argued that the weapons charge was unconstitutional. The district court rejected that claim, and Cullum does not renew it on appeal.

to perform an essential duty, and that the failure resulted in prejudice. *See id.* If he fails to prove either prong, we need not address the other. *See id.*

Because Cullum pleaded guilty, we view his claim of ineffective assistance under the lens of *State v. Carroll,* 767 N.W.2d 638, 642 (Iowa 2009) (requiring case-by-case analysis to decide whether counsel breached a duty before the guilty plea, and whether that breach rendered the plea unintelligent or involuntary). *See Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011).

Cullum alleges that his counsel's performance was subpar because he recommended that Cullum accept the plea offer after advising him that the search of his car was "textbook perfect." Cullum insists that advice was inaccurate. He claims that because counsel failed to move to suppress, his guilty pleas were neither voluntary nor intelligent. A successful motion to suppress, according to Cullum, would have forced the State to dismiss four of the six charges.

The State deflates Cullum's argument. In its view, trial counsel had no duty to move to suppress because the search of Cullum's vehicle was justified under the automobile exception to the warrant requirement.[2] That exception allows police to search if probable cause and exigent circumstances exist when police stop the automobile. *State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017).[3] "The

---

[2] The State also argues that the search was justified under the warrant exception for probable cause coupled with exigent circumstances. The State asserts that the mobility of the vehicle was the exigent circumstance. Because the search fell under the automobile exception, we do not address that similar alternative.

[3] In *Storm*, the majority elected to retain the automobile exception. It compared the "easy-to-apply automobile exception" to the less predictable alternative—"a case-by-case exigency determination resulting in prolonged roadside seizures awaiting a warrant, with attendant dangers and no net gain for civil liberties." *Id.* at 142. The court acknowledged that it "may revisit this issue at a future time when

inherent mobility of motor vehicles satisfies the exigent-circumstances requirement." *Storm*, 898 N.W.2d at 145.

Cullum contends the deputy lacked probable cause to search. But he underplays the significance of the deputy finding methamphetamine and a loaded pistol magazine on his person. The evidence in Cullum's possession gave the deputy probable cause to believe that he was carrying more contraband in his car. *See State v. Predka*, 555 N.W.2d 202, 207 (Iowa 1996) (test is whether reasonable person armed with all the facts of the stop would believe the car contained contraband). Because methamphetamine is a controlled substance, the simultaneous possession of a firearm was prohibited. Iowa Code § 724.8B (2021). After finding the magazine on Cullum, the deputy's "suspicion that the magazine['s] counterpart, a pistol, would be found in the vehicle [was] certainly not unreasonable, and thus provided the [deputy] with probable cause to search." *State v. Erdman*, 2020 WL 377885, at *3 (Iowa Ct. App. Jan. 23, 2020). Cullum's denial of having a gun in his car did not dispel the deputy's probable cause. The automobile exception applied.

Because the automobile exception applied to the warrantless search of Cullum's car, moving to suppress would have been futile. And counsel had no duty to follow that futile path. *See State v. Brown*, 930 N.W.2d 840, 855–56 (Iowa 2019) (finding counsel was not ineffective in failing to raise an issue without merit).

---

roadside electronic warrants have become more practical." *Id.* But Cullum did not ask the supreme court to revisit that issue here.

Because Cullum failed to prove that his attorney breached an essential duty before he pleaded guilty, we don't need to decide whether any alleged breach rendered his guilty pleas unintelligent or involuntary.  *See Castro,* 795 N.W.2d at 793.

**AFFIRMED.**